UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BIG EASY BLENDS, LLC, ET AL.          CIVIL ACTION

VERSUS          NO: 2:20-CV-2752

MIRAGE INDUSTRIES, INC.          SECTION: "H"

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendant has failed to adequately plead diversity jurisdiction in its Notice of Removal. Accordingly, Defendant shall amend its notice to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[2] *See* 28 U.S.C. § 1332.

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

1

Defendant's Notice of Removal alleges that Plaintiffs Big Easy Blends, LLC and St. Charles Packaging, LLC are limited liability companies ("LLCs"). For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members."[5] Accordingly, the party invoking federal jurisdiction "must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship."[6] Defendant has failed to properly allege the citizenship of Big Easy Blends, LLC and St. Charles Packaging, LLC.

Defendant's failure to properly allege citizenship is not fatal.[7] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[8] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[9] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[10] The record in this

---

[5] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

[6] Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc., No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also* Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC, No. 12–0149, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged." (citations omitted)); Toney v. Knauf Gips KG, No. 12–638, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member]." (internal footnote and citations omitted)).

[7] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).

[8] *Id.* at 888.

[9] *Id.*

[10] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendant is granted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to adequately allege diversity of citizenship. Defendant is granted leave to amend the Notice of Removal within 20 days from the entry of this Order. Failure to file timely an amended notice will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 7th day of April, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**